PEOPLE v BURKS

Docket No. 64934. Submitted May 11, 1983, at Detroit.—Decided
    August 17, 1983.

    Clifton E. Burks pled guilty in Detroit Recorder's Court to
    charges of armed robbery and felony-firearm and was sentenced
    to life imprisonment for the armed robbery conviction and
    received a five-year prison term for the felony-firearm convic-
    tion, Leonard Townsend, J. Defendant appealed the sentence to
    the Court of Appeals, which affirmed by granting the prose-
    cutor's motion to affirm by order certified on May 4, 1981.
    Defendant then filed an application for leave to appeal to the
    Supreme Court. In lieu of granting leave to appeal, the Su-
    preme Court remanded the case to the trial court for resentenc-
    ing because the sentencing record reflected that the defendant
    was not given the opportunity for allocution as provided by the
    court rules, 413 Mich 879 (1982). The Supreme Court also
    instructed the trial court that it must not impose a five-year
    term of imprisonment with respect to defendant's conviction for
    felony-firearm. On remand, the trial court, Leonard Townsend,
    J., sentenced defendant to a prison term of 18 to 40 years on
    the armed robbery conviction and a consecutive 2-year prison
    term for the felony-firearm conviction, to be served prior to the
    sentence for armed robbery. Defendant appealed, and the prose-
    cutor filed a motion to dismiss on the basis that the issues
    raised by the defendant were outside the scope of the Supreme
    Court's remand order. The Court of Appeals, by order dated
    March 30, 1983, denied the prosecutor's motion and found the
    defendant entitled to maintain an appeal as of right from the
    resentencing judgment; the appeal, however, would be confined
    to issues that arose as a result of the resentencing. *Held:*

      1. Defendant's first three issues on appeal concern the valid-
    ity of his guilty plea. The issues are outside the scope of the
    remand order and will not be addressed by the Court of
    Appeals.

      2. The defendant's claim that "Proposal B", which precludes

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error § 974.
[2] 42 Am Jur 2d, Initiative and Referendum §§ 1-5.

parole in this case, is unconstitutional because it denies defendant's right to due process and equal protection in violation of the federal and state constitutions is without merit. "Proposal B" meets all the tests of constitutional scrutiny.

Affirmed.

1. APPEAL — APPEAL AFTER REMAND.

Issues outside the scope of a remand order will not be considered on appeal following remand.

2. CONSTITUTIONAL LAW — INITIATIVE.

The Michigan Constitution reserves to the people the power to propose, enact, and reject laws (Const 1963, art 2, § 9).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Mark J. Cavanagh,* Assistant Prosecuting Attorney, for the people.

*Thomas A. Law,* for defendant on appeal.

Before: HOOD, P.J., and V. J. BRENNAN and D. S. DEWITT,* JJ.

PER CURIAM. Pursuant to a plea bargain, the defendant pled guilty to armed robbery, MCL 750.529; MSA 28.797, and felony-firearm, MCL 750.227b; MSA 28.424(2). Defendant was sentenced to life imprisonment for the armed robbery conviction and received a five-year prison term for the felony-firearm conviction.

Defendant appealed as of right to this Court. A panel of this Court affirmed the defendant's conviction by granting the prosecution's motion to affirm. Thereafter, the defendant filed an application for leave to appeal in the Supreme Court. In lieu of granting leave to appeal, the Supreme

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

Court remanded the case to the trial court for resentencing because the sentencing record reflected that the defendant was not given the opportunity for allocution pursuant to GCR 1963, 785.8(2). Further, the Supreme Court instructed the trial court that it must not impose a five-year term of imprisonment with respect to defendant's conviction for felony-firearm.

Upon remand, the defendant was sentenced to a prison term of 18 to 40 years for the armed robbery conviction and a consecutive 2-year prison term for the felony-firearm conviction, to be served prior to the sentence for armed robbery. Defendant then filed the present claim of appeal in this Court. Subsequently, the prosecutor filed a motion to dismiss on the basis that the issues raised by the defendant were outside the scope of the Supreme Court's remand order. A panel of this Court denied the motion and found that the defendant is entitled to maintain an appeal as of right from the resentencing judgment. However, the panel also found that the defendant's appeal is confined to issues that arose as a result of the resentencing.

Defendant's first three claims on appeal concern the validity of the defendant's guilty plea. Because these issues did not arise as a result of the resentencing, we will not review them. Issues outside the scope of a remand order will not be considered on appeal following remand. *People v LeFlore,* 122 Mich App 314; 333 NW2d 47 (1983).

In addition, we find the defendant's remaining claim to be without merit. "Proposal B", MCL 791.233b; MSA 28.2303(3), is not unconstitutional as a denial of due process and equal protection of the laws in violation of the federal and state constitutions. "Proposal B" is an initiated law ratified by the people of Michigan in the general

election held on November 7, 1978. Const 1963, art 2, § 9 reserves the power to propose laws and to enact and reject laws to the people. *People v Cohens,* 111 Mich App 788, 791-792; 314 NW2d 756 (1981). "Proposal B" meets all the tests of constitutional scrutiny.

Affirmed.