HOLLAND-WEST OTTAWA-SAUGATUCK CONSORTIUM v
HOLLAND EDUCATION ASSOCIATION

Docket No. 133391. Submitted December 1, 1992, at Lansing. Decided
April 6, 1993, at 9:10 A.M.

Holland-West Ottawa-Saugatuck Consortium, Holland Public
Schools, West Ottawa Public Schools, and Saugatuck Public
Schools petitioned the Michigan Employment Relations Com-
mission for a designation of the consortium as the employer of
teachers in the consortium's adult education program for pur-
poses of collective bargaining. Holland Education Association,
West Ottawa Education Association, and Saugatuck Teachers
Association responded to oppose the petition. The commission
decided that the consortium, rather than its constituent school
districts, was the employer of the teachers in question. The
respondents appealed.

The Court of Appeals *held*:

1. The School Code, MCL 380.1 *et seq.*; MSA 15.4001 *et seq.*,
and the State School Aid Act, MCL 388.1601 *et seq.*; MSA
15.1919(901) *et seq.*, when read in conjunction with §§ 2 and 1a
of the intergovernmental contracts act, MCL 124.2, 124.1(a);
MSA 5.4082, 5.4081(a), and §§ 4 and 2(e) of the Urban Cooper-
ation Act, MCL 124.504, 124.502(e); MSA 5.4088(4), 5.4088(2)(e),
allow school districts to create a consortium to provide adult
education programs on a cooperative basis and do not preclude
a determination by the Employment Relations Commission that
a consortium, rather than its constituent school districts, is the
employer of the teachers in the consortium.

2. The School Code and the State School Aid Act do not
violate the Title-Object Clause, Const 1963, art 4, § 24, on the
basis of their failure to refer to consortia of public school
districts in their respective titles; the formation of consortia
pursuant to the acts advances the general objects of both acts.

Affirmed.

REFERENCES

Am Jur 2d, Labor and Labor Relations §§ 1764-1775, 1787-1792;
Schools §§ 13-43.

See ALR Index under Labor and Employment; Schools and Educa-
tion.

LABOR RELATIONS — COLLECTIVE BARGAINING — PUBLIC SCHOOL DIS-
    TRICTS — CONSORTIA.

   A consortium of public school districts created for the purpose of
      providing adult education programs in the constituent school
      districts may be deemed the employer of the teachers in the
      consortium for purposes of collective bargaining (MCL 124.1[a],
      124.2, 124.502[e], 124.504, 380.1 *et seq.*, 388.1601 *et seq.*; MSA
      5.4081[a], 5.4082, 5.4088[2][e], 5.4088[4], 15.4001 *et seq.*,
      15.1919[901] *et seq.*).

*Thrun, Maatsch & Nordberg, P.C.* (by *Kevin S. Harty*), for the appellees.

*White, Beekman, Przybylowicz, Schneider & Baird, P.C.* (by *William F. Young*), for the appellants.

Before: HOLBROOK, JR., P.J., and TAYLOR and D. A. ROBERSON,* JJ.

PER CURIAM. Respondents appeal as of right from a ruling of the Michigan Employment Relations Commission that the consortium composed of the three petitioner school districts was the public employer of adult education teachers for purposes of the collective bargaining unit. We affirm.

On March 25, 1988, the board of education of each petitioner school district filed petitions with the MERC for clarification of the bargaining units of teaching employees represented by respondent labor organizations. Petitioners requested a determination that the Holland-West Ottawa-Saugatuck Consortium was the public employer of all the regularly employed certified adult education instructors.

In 1977, the three school districts entered into a cooperative agreement, creating the consortium to provide a broad range of community education

---

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

programs, including adult education, for all three districts. Since the 1977-78 school year, the Department of Education has annually approved the cooperative agreement pursuant to § 96 of the State School Aid Act, MCL 388.1696; MSA 15.1919(996). The administrator of the consortium reports to a council composed of the superintendents of the participating school districts. The consortium is responsible for its own budget and financial affairs. The consortium also has contracts with community education employees and leases or rents facilities for its programs.

The collective bargaining agreements between the school districts and the union do not include the wages, hours, and working conditions of the consortium employees. The consortium employees do not have union dues deducted from their wages. The consortium never entered into a collective bargaining agreement with the unions, which stated their preference of negotiating only with the individual school districts on behalf of the consortium adult education teachers.

On May 23, 1990, the MERC issued a decision, holding that a consortium or joint venture among school districts may be a separate public employer of teachers. The MERC rejected respondents' argument that the consortium was not a proper employer because its existence had not been authorized by either the School Code, MCL 380.1 *et seq.*; MSA 15.4001 *et seq.*, or the State School Aid Act. The MERC found that neither act limited its jurisdiction to determine the public employer for bargaining purposes under MCL 423.212; MSA 17.455(12). On July 20, 1990, respondents filed a motion for a rehearing or to reopen the record, requesting a determination whether there was a proper statutory or constitutional basis for the consortium to exist as an employer. However, the

MERC declined to address respondents' request, finding that the constitutional issue should be addressed by the courts. The MERC also stated that it alone was required to make the initial determination whether the consortium functioned as the public employer of adult education instructors for purposes of a collective bargaining relationship.

Previously, this Court held that the MERC's long-standing decisions that persons working for a multidistrict program were employed by the consortium and not by the individual school districts appeared reasonable and that the MERC was entitled to the Court's deference. *In re Grand Haven Public Schools,* 183 Mich App 186, 189-190; 454 NW2d 116 (1989). Respondents, however, argue that the consortium lacks authority to exist as an employer under the State School Aid Act, MCL 388.1601 *et seq.;* MSA 15.1919(901) *et seq.,* and the School Code. Therefore, respondents contend, the school boards are the proper employers of the adult education teachers. This argument was not raised in *In re Grand Haven Public Schools.*[1] Nevertheless, we disagree.

MCL 388.1708(2); MSA 15.1919(1008)(2) allows two or more school districts to conduct adult education programs on a cooperative basis. It requires the cooperating districts to enter into an annual written agreement, which must contain all the high school completion programs and adult basic education programs offered within the participating districts. It further provides, in part:

> One district shall be designated in the agreement as the administrator of the adult education

---

[1] In *West Ottawa Ed Ass'n v West Ottawa Public Schools Bd of Ed,* 126 Mich App 306, 316-318; 337 NW2d 533 (1983), this Court declined to address the issue whether the consortium was a public school employer under the School Code because the issue was not raised before the MERC.

cooperative program and shall operate the program as a direct extension of the district, except that the pupils enrolled in the program may be counted on the pupil membership count day of the district in which the pupils' classes are held. . . . The funds generated by the administrating district shall be used to support actual reasonable costs of the adult education programs in the cooperative program with the exception that administering districts may use revenues in addition to that needed to meet the costs of the adult education program to provide supplemental services *within the consortium* in the areas of early childhood education, alternative education, dropout prevention, community education, teen parent programs for youth, or other department-approved education programs. [Emphasis added.]

The act, in the last sentence, explicitly refers to the cooperative program operating as a consortium.

Respondents, however, assert that the consortium may not be recognized as an employer because MCL 388.1708(2); MSA 15.1919(1008)(2) does not allow a consortium to operate as an independent entity, but only as a direct extension of the administrating district. Respondents claim that the consortium operates as a separate body of power because it hires its own teachers and administrative staff, enters into leases, and owns real property. The State School Aid Act was created to determine the manner in which state monies are disbursed to local school districts and the manner in which those funds may be used by the districts. MCL 388.1708(2); MSA 15.1919(1008)(2) allows school districts to create a consortium to provide state-funded adult education and regulates the consortium by imposing conditions upon its operations. Whether the consortium is in violation of the act is a matter that should be addressed by the

Department of Education, not the MERC. Moreover, the act does not explicitly authorize or forbid the consortium to employ teachers because it does not legislate whether the consortium is the employer of adult education teachers and therefore is not relevant in the MERC's determination.

Respondents further contend that the School Code grants the boards of school districts authority to provide adult education and to employ qualified teachers. MCL 380.1293; MSA 15.41293. Respondents argue that the consortium does not have similar authority under the School Code to serve as an employer of adult education teachers. However, the intergovernmental contracts act, MCL 124.1 *et seq.,* MSA 5.4081 *et seq.,* allows school districts to join together by contract to perform a service that each would have the power to perform separately. MCL 124.2; MSA 5.4082 and MCL 124.1(a); MSA 5.4081(a). Moreover, the Urban Cooperation Act, MCL 124.501 *et seq.*; MSA 5.4088(1) *et seq.,* allows school districts to exercise jointly with other school districts any power, privilege, or authority it shares in common and which each might exercise separately. MCL 124.504; MSA 5.4088(4) and MCL 124.502(e); MSA 5.4088(2)(e). Supplementing these acts with the School Code, the school districts are allowed to jointly employ qualified teachers for adult education courses. When the school districts choose to jointly exercise their authority to operate adult education programs, it then becomes the MERC's function to determine the employer for purposes of collective bargaining.

Finally, respondents argue that if this Court finds that the State School Aid Act or the School Code grants school districts authority to operate consortia as employers, such legislation violates the Title-Object Clause of the Michigan Constitu-

tion because neither act's title refers to consortia. Const 1963, art 4, § 24 provides that no law may embrace more than one object, which shall be expressed in its title. The purpose of the single-object rule is to avoid bringing into one bill diverse subjects that have no necessary connection. *Mooahesh v Dep't of Treasury,* 195 Mich App 551, 564; 492 NW2d 246 (1992); *Builders Square v Dep't of Agriculture,* 176 Mich App 494, 497; 440 NW2d 639 (1989). Legislation should not be invalidated merely because it contains more than one means of attaining its primary object. *Livonia v Dep't of Social Services,* 423 Mich 466, 499; 378 NW2d 402 (1985); *Mooahesh, supra,* pp 564-565.

The title of the State School Aid Act states that its purpose is to make appropriations to aid in the support of public schools. The title of the School Code states that its purpose is, in part, to provide a system of public education and to prescribe the powers and duties of certain boards. Both acts, when read in conjunction with the intergovernmental contracts act and the Urban Cooperation Act, allow school districts to create a consortium to provide state funded adult education classes and to employ adult education teachers. Accordingly, neither act violates the Title-Object Clause because allowing school districts to form consortia is a means of advancing the general objects of both acts. The fact that neither act's title refers to consortia is irrelevant.

Affirmed.