CITY OF ANN ARBOR v NATIONAL CENTER FOR
MANUFACTURING SCIENCES, INC

Docket No. 145249. Submitted January 20, 1994, at Ann Arbor.
Decided March 21, 1994, at 10:20 A.M. Leave to appeal sought.

The City of Ann Arbor brought an action in the Washtenaw
Circuit Court against National Center for Manufacturing Sci-
ences, Inc., seeking a declaration regarding the constitutional-
ity of MCL 125.2074(6); MSA 3.541(274)(6), the section of the
Michigan Strategic Fund Act that grants exemptions from ad
valorem property taxes to certain research facilities funded by
the state. The plaintiff brought the action after the defendant
appealed its ad valorem tax assessment to the Tax Tribunal
claiming that it was exempt from taxation under § 74(6). The
court, Patrick J. Conlin, J., granted summary disposition for
the defendant. The plaintiff appealed.

The Court of Appeals *held:*

1. The statute does not violate the Uniformity of Taxation
Clause, Const 1963, art 9, § 3. The statute does not contain
arbitrary or hostile classifications.

2. The statute does not delegate improperly legislative power
to the administrators of the fund. Neither the act as a whole
nor § 74(6) is so void of standards as to vest unfettered discre-
tion with the administrators of the Michigan Strategic Fund.

3. Section 74(6) does not violate the Title-Object Clause, Const
1963, art 4, § 24. Granting tax exemptions to certain research
enterprises that receive substantial funding is consistent with,
and bears a direct relation to, the purpose of the act.

Affirmed.

CONSTITUTIONAL LAW — TAXATION — STRATEGIC FUND ACT — EXEMP-
TIONS FROM AD VALOREM TAXES.

The section of the Michigan Strategic Fund Act that grants
exemptions from ad valorem property taxes to certain research
facilities funded by the state does not violate the Uniformity of

REFERENCES

Am Jur 2d, Administrative Law § 102; State and Local Taxation
§ 154.
See ALR Index under Delegation of Powers; Taxes.

Taxation or Title-Object Clauses of the constitution; the section does not delegate improperly legislative power to the administrators of the fund (Const 1963, art 4, § 24, art 9, § 3; MCL 125.2074[6]; MSA 3.541[274][6]).

*John K. Van Loon,* Chief Assistant City Attorney, for the plaintiff.

*Harris, Guenzel, Meier & Nichols, P.C.* (by *Robert J. Harris*), for the defendant.

Before: DOCTOROFF, C.J., and MICHAEL J. KELLY and D. G. TYNER,* JJ.

DOCTOROFF, C.J. Plaintiff appeals a September 19, 1991, declaratory judgment and order of the Washtenaw Circuit Court granting defendant's motion for summary disposition and dismissing plaintiff's claim regarding the constitutionality of a section of the Michigan Strategic Fund Act. See MCL 125.2001 *et seq.*; MSA 3.541(201) *et seq.* On appeal, plaintiff argues that MCL 125.2074(6); MSA 3.541(274)(6), which grants exemptions from ad valorem property taxes to certain research facilities funded by the State of Michigan, is unconstitutional and that the trial court erred in concluding otherwise. We disagree and affirm.

The section of the act at issue states as follows:

Property owned and used or occupied by a nonprofit research and development enterprise that receives or has received financial aid in the amount of $1,000,000.00 or more pursuant to this section or pursuant to former Act No. 70 of the Public Acts of 1982 is exempt from ad valorem real and personal property taxes imposed under the general property tax act, Act No. 206 of the Public Acts of 1893, being sections 211.1 to 211.157 of the Michigan Compiled Laws, while the prop-

* Circuit judge, sitting on the Court of Appeals by assignment.

erty is used or occupied by that nonprofit research and development enterprise solely for the purpose of performing research and development in present and emerging technology and of the application of that technology to business and industry and provided that the research and development enterprise retains its nonprofit status under section 501(c)(3) of the internal revenue code. [MCL 125.2074(6); MSA 3.541(274)(6).]

Plaintiff claimed below and continues to argue in this Court that the section violates the Uniformity of Taxation Clause, Const 1963, art 9, § 3, constitutes an impermissible delegation of legislative authority, and violates the Title-Object Clause, Const 1963, art 4, § 24, because the act's title does not purport to grant tax exemptions to fund recipients.

Plaintiff brought this declaratory judgment action after defendant appealed its ad valorem tax assessment to the Tax Tribunal claiming it was exempt from taxation by virtue of the above-quoted section. When plaintiff attempted to argue in the Tax Tribunal that the section was unconstitutional, the referee indicated that the tribunal did not have jurisdiction to evaluate the constitutionality of the section and that such a claim should be made in the circuit court. For purposes of this appeal, we assume defendant is a nonprofit corporation that fits within the statutory guidelines for the exemption. Any claim to the contrary is properly brought in the tax tribunal action that has been stayed pending resolution of the constitutional inquiry.

Plaintiff's first claim is that the statute violates the Uniformity of Taxation Clause found in Const 1963, art 9, § 3. We disagree.

The purpose of the clause is to guarantee equal treatment to similarly situated taxpayers. *Molter v*

*Dep't of Treasury,* 443 Mich 537, 553; 505 NW2d 244 (1993). As a practical matter, there is no discernible difference between the Equal Protection and Uniformity of Taxation Clauses. *Armco Steel Corp v Dep't of Treasury,* 419 Mich 582, 592; 358 NW2d 839 (1984). The presumption of a statute's constitutionality is particularly strong where tax legislation is at issue. *Penn Mutual Life Ins Co v Dep't of Licensing & Regulation,* 162 Mich App 123, 127; 412 NW2d 668 (1987). In evaluating the power of exempting entities from taxation, this Court stated:

> The power of exemption would seem to imply the power of discrimination, and in taxation, as in other matters of legislation, classification is within the competency of the legislature. . . .
> "Granting the power of classification, we must grant Government the right to select the differences upon which the classification shall be based, and they need not be great or conspicuous . . . . The State is not bound by any rigid equality. This is the rule; its limitation is that it must not be exercised in 'clear and hostile discriminations between particular persons and classes.'" [*Ludka v Dep't of Treasury,* 155 Mich App 250, 263; 399 NW2d 490 (1986) (quoting *Banner Laundering Co v State Bd of Tax Administration,* 297 Mich 419, 433; 298 NW 73 [1941]).]

The standard of reasonableness under the rational-basis test is whether any set of facts reasonably may be conceived to justify the discrimination. *Penn Mutual, supra* at 128.

Under the statute at issue in this case, those nonprofit research entities that receive a level of funding from the state equal to or greater than $1,000,000 are entitled to the exemption. MCL 125.2001; MSA 3.541(201) contains a number of legislative findings and policy declarations related

to economic development and creation of jobs within the state and serves as the purpose for creation of the Michigan Strategic Fund. Chapter 7 of the act provides for a Center for Research and Development and authorizes funding for research enterprises. MCL 125.2074; MSA 3.541(274). The section at issue here exempts those entities that receive a substantial amount of funding from liability for ad valorem property taxation, presumably in furtherance of preserving the entities' economic viability and offering incentive to the major fund recipients to remain in the area of research and development.

As the trial court stated:

> The purpose for the Michigan Strategic Fund is to improve and stabilize the economy and employment levels by encouraging non-profit entities to do business in Michigan. One means of accomplishing this objective is to offer exemptions from property taxation.

We agree with the trial court's assessment of the purpose behind the section and the section's relation to the creation of the fund. Moreover, we do not agree with plaintiff's assertion that the classification is arbitrary or hostile. Thus, the trial court did not err in concluding that the section was constitutional insofar as the Uniformity of Taxation Clause is concerned.

Plaintiff also argues that the section improperly delegates legislative power to the administrators of the fund. We disagree.

The test for determining whether a statute improperly delegates legislative authority is as follows:

> First, the act in question must be read as a whole; the provision in question must be construed

with reference to the entire act. Next, the standard should be as reasonably precise as the subject matter requires or permits. Third, if possible, the statute must be construed as being valid, that is, it must be construed as conferring administrative, not legislative, power and as giving discretionary, not arbitrary, authority. Last, the statute must satisfy due process requirements. [*Attorney General v Public Service Comm,* 161 Mich App 506, 510; 411 NW2d 469 (1987).]

In determining whether the statute improperly delegates authority, we remain mindful of the fact that the standards must be sufficiently broad to permit efficient administration so that the policy of the Legislature may be complied with, but not so broad as to give uncontrolled and arbitrary power to the administrators. *Dep't of Natural Resources v Seaman,* 396 Mich 299, 308-309; 240 NW2d 206 (1976).

In this case, viewing the act as a whole, we are persuaded that there are sufficient standards in the act to prevent unreasonable and arbitrary allocation of the funds and the tax exemption. The act contains specific definitions and guidelines that must be met before an entity is entitled to any of the funds. Similarly, the section at issue contains threshold requirements that must be satisfied before an entity is entitled to the property tax exemption. Neither the act as a whole nor the section at issue is so void of standards as to vest unfettered discretion with the administrators of the fund. The act is not an unconstitutional delegation of legislative authority.

For its final argument, plaintiff claims that the section violates the Title-Object Clause of the Michigan Constitution. See Const 1963, art 4, § 24. The clause prohibits inclusion of more than one object in an act, which shall be included within its

title. *Mooahesh v Dep't of Treasury,* 195 Mich App 551, 562; 492 NW2d 246 (1992). The purpose of the single-object rule is to avoid including within a bill diverse subjects that have no necessary connection. *Holland-West Ottawa-Saugatuck Consortium v Holland Ed Ass'n,* 199 Mich App 245, 251; 501 NW2d 261 (1993). Legislation will not be invalidated solely because it has more than one means of attaining its primary object. *Id.* The clause will be violated only where the subjects are so diverse that they have no necessary connection. *Builders Square v Dep't of Agriculture,* 176 Mich App 494, 497; 440 NW2d 639 (1989).

The title of the act contains language suggesting that economic development within the state is its object. We agree with the trial court that granting tax exemptions to certain research enterprises that receive substantial funding is consistent with, and bears a direct relation to, the purpose of the act. The granting of exemptions is not violative of the Title-Object Clause of the Michigan Constitution.

Affirmed.