HAWKINS v DEPARTMENT OF CORRECTIONS

Docket No. 179227. Submitted October 9, 1996, at Grand Rapids. Decided October 18, 1996, at 9:00 A.M.

Chester P. Hawkins and other prisoners of the Department of Corrections petitioned the Ingham Circuit Court, seeking declaratory or injunctive relief from their sentences. The petitioners, who are serving sentences for felony offenses listed in MCL 791.233b; MSA 28.2303(3), and therefore, pursuant to MCL 791.233(1)(c); MSA 28.2303(1)(c) and MCL 791.233b; MSA 28.2303(3), may not be released before the expiration of their minimum sentences less an allowance for disciplinary credits, sought a declaration that the statutes unconstitutionally restrict their eligibility for parole. The court, Peter D. Houk, J., determined that the petitioners failed to state a claim on which relief could be granted, thereby effectively granting summary disposition to the respondent under MCR 2.116(C)(8), and entered an order denying the request and dismissing the matter in its entirety. The petitioners appealed as of right.

The Court of Appeals *held*:

1. MCL 791.233(1)(c); MSA 28.2303(1)(c) and MCL 791.233b; MSA 28.2303(3) do not violate the Title-Object Clause of the Michigan Constitution, Const 1963, art 4, § 24, by providing for punishment. The statutes are part of 1953 PA 232, which is an act to revise, consolidate, and codify laws relating to paroles. The statutes, which relate to parole eligibility, fall within the objective of 1953 PA 232, as expressed in its title. That the statutes may also be viewed as imposing a form of punishment, a subject arguably not directly related to parole, is immaterial.

2. Even if the restrictions on parole eligibility imposed by MCL 791.233(1)(c); MSA 28.2303(1)(c) and MCL 791.233b; MSA 28.2303(3) are viewed as punishment, the restrictions do not constitute double jeopardy.

3. The statutes at issue do not deny equal protection or due process of law by denying prisoners convicted of certain offenses sentencing credit provided to other prisoners generally. Legislative schemes distinguishing various categories of prisoners for parole eligibility purposes require only some rational basis to sustain

them. It is facially reasonable to regard those convicted of serious crimes as generally posing a greater threat to society than other prisoners and, accordingly, to impose greater restrictions on their parole eligibility.

4. Although the circuit court relied on certain inapplicable case law, it reached the correct result. The challenged statutes are not unconstitutional on the grounds asserted by the petitioners.

Affirmed.

1. CONSTITUTIONAL LAW — TITLE-OBJECT CLAUSE — PURPOSE.

Legislation will not be invalidated under the Title-Object Clause of the Michigan Constitution solely because it has more than one means of obtaining its primary object; the purpose of the clause is to avoid including within a single bill diverse subjects that have no necessary connection; the clause is violated only when the subjects are so diverse that they have no necessary connection (Const 1963, art 4, § 24).

2. CONSTITUTIONAL LAW — TITLE-OBJECT CLAUSE — PAROLE ELIGIBILITY.

MCL 791.233(1)(c); MSA 28.2303(1)(c) and MCL 791.233b; MSA 28.2303(3), which concern parole eligibility, fall within the scope of the title of 1953 PA 232, which is to revise, consolidate, and codify laws relating to paroles; that the statutes may also be viewed as imposing a form of punishment, a subject arguably not directly related to parole, is immaterial; the statutes do not violate the Title-Object Clause of the Michigan Constitution (Const 1963, art 4, § 24).

3. CONSTITUTIONAL LAW — DOUBLE JEOPARDY — CUMULATIVE PUNISHMENTS.

The Double Jeopardy Clauses of the federal and state constitutions prohibit a court from imposing a punishment in excess of that intended by the Legislature but do not preclude cumulative punishments authorized by the Legislature (US Const, Am V; Const 1963, art 1, § 15).

4. CONSTITUTIONAL LAW — PAROLE — ELIGIBILITY — DUE PROCESS — EQUAL PROTECTION.

Legislative schemes distinguishing various categories of prisoners for parole eligibility purposes need be sustained by only some rational basis; MCL 791.233b; MSA 28.2303(3) and MCL 791.233(1)(c); MSA 28.2303(1)(c), which impose greater restrictions on parole eligibility for prisoners convicted of certain serious crimes, reasonably regard those convicted of serious crimes as generally posing a greater threat to society than other prisoners and, accordingly, imposes greater restrictions on their parole eligibility; the statutes do not violate due process or equal protection rights in doing so.

Chester P. Hawkins, Michael L. Lowman, and Rodney B. Surratt, in propris personis.

Before: NEFF, P.J., and HOEKSTRA and G. D. LOSTRACCO,* JJ.

NEFF, P.J. Petitioners appeal as of right from a circuit court order denying their request for declaratory relief. Petitioners, prisoners of respondent Department of Corrections, asserted that they were serving sentences for felony offenses listed in MCL 791.233b; MSA 28.2303(3). Under MCL 791.233(1)(c); MSA 28.2303(1)(c) and MCL 791.233b; MSA 28.2303(3), prisoners convicted of such offenses may not be released before the expiration of their minimum sentences less an allowance for disciplinary credits, thereby restricting their eligibility for parole. Petitioners contended on essentially three grounds that these statutes are unconstitutional. The circuit court concluded that petitioners failed to state a claim on which relief could be granted, thereby effectively granting summary disposition to respondent under MCR 2.116(C)(8). The circuit court reached the correct result, but for the wrong reason. Accordingly, we affirm.

I

A

Petitioners argue that MCL 791.233(1)(c); MSA 28.2303(1)(c) and MCL 791.233b; MSA 28.2303(3) violate the Title-Object Clause of the Michigan Constitution, Const 1963, art 4, § 24, by providing for punishment. We disagree.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

The purpose of the title-object rule is to avoid including within a single bill diverse subjects that have no necessary connection. *Ann Arbor v Nat'l Center for Mfg Sciences, Inc*, 204 Mich App 303, 309; 514 NW2d 224 (1994). Legislation will not be invalidated under the Title-Object Clause solely because it has more than one means of attaining its primary object. *Id.* Indeed, the clause will be violated only when the subjects are so diverse that they have no necessary connection. *Id.*

The title to 1953 PA 232, which includes the statutes at issue, provides that it is, in part, "[a]n act to revise, consolidate, and codify the laws relating to . . . paroles." The statutes in question concern parole eligibility and, accordingly, fall within the objective of the act as expressed in its title. That they may also be viewed as imposing a form of punishment, a subject arguably not directly related to parole, is immaterial. See *Holland-West Ottawa-Saugatuck Consortium v Holland Ed Ass'n*, 199 Mich App 245, 251; 501 NW2d 261 (1993). Accordingly, we conclude that the statutes in question do not violate the Title-Object Clause of the Michigan Constitution.

B

Petitioners next assert that MCL 791.233(1)(c); MSA 28.2303(1)(c) and MCL 791.233b; MSA 28.2303(3) violate constitutional protections against double jeopardy by imposing multiple punishments for the same crime. However, in the multiple punishment context, the Double Jeopardy Clauses of the federal and Michigan Constitutions simply prohibit a court from imposing a punishment in excess of that intended by the Legislature. It does not preclude cumulative pun-

ishments authorized by the Legislature. *People v Price*, 214 Mich App 538, 541-542; 543 NW2d 49 (1995). Thus, even if the restrictions on parole eligibility imposed by the challenged statutes are viewed as "punishment," those restrictions do not constitute double jeopardy.

C

We also reject petitioners' argument that MCL 791.233b; MSA 28.2303(3) and MCL 791.233(1)(c); MSA 28.2303(1)(c) violate equal protection or due process by denying prisoners convicted of certain offenses sentencing credit provided to prisoners generally. This Court has previously held that MCL 791.233b; MSA 28.2303(3) "is not unconstitutional as a denial of due process and equal protection of the laws in violation of the federal and state constitutions." *People v Burks*, 128 Mich App 255, 257; 339 NW2d 734 (1983). MCL 791.233(1)(c); MSA 28.2303(1)(c) merely restates the substantive content of MCL 791.233b; MSA 28.2303(3), i.e., that parole shall not be granted to a prisoner sentenced for a crime listed in MCL 791.233b; MSA 28.2303(3) before the expiration of the minimum sentence imposed less an allowance for disciplinary credits. Accordingly, under *Burks*, MCL 791.233(1)(c); MSA 28.2303(1)(c) also does not violate the right to due process or equal protection.

Because the Court's opinion in *Burks* does not set forth the reasoning behind its holding, we do so here. Legislative schemes distinguishing various categories of prisoners for parole eligibility purposes "require only some rational basis to sustain them." *McGinnis v Royster*, 410 US 263, 270; 93 S Ct 1055; 35 L Ed 2d

282 (1973). The numerous crimes listed in MCL 791.233b; MSA 28.2303(3) include many of the most serious offenses under state law. It is facially reasonable to regard those convicted of very serious crimes as generally posing a greater threat to society than other prisoners and, accordingly, to impose greater restrictions on their parole eligibility. Thus, we conclude that the statutes do not violate petitioners' due process and equal protection rights.

II

Finally, petitioners claim that the circuit court relied on inapplicable case law, an excerpt from *People v Fleming*, 428 Mich 408, 425; 410 NW2d 266 (1987), in which our Supreme Court indicated that the prosecution in a criminal case could not reasonably assert that the Legislature acted unconstitutionally by providing for good-time reductions to criminal sentences. We agree that the circuit court's reasoning is flawed because that case is inapposite to the issues petitioners raised. The circuit court also cited the inapposite cases of *People v Rushlow*, 437 Mich 149; 468 NW2d 487 (1991), and *People v Weaver (After Remand)*, 192 Mich App 231; 480 NW2d 607 (1991), which concerned the extent to which a sentencing court may consider the effect of possible disciplinary credits in imposing sentence. However, this Court does not reverse a lower court's decision where it reached the right result for a wrong reason. See, e.g., *Griffey v Prestige Stamping, Inc*, 189 Mich App 665, 669; 473 NW2d 790 (1991). Because the challenged statutes are not unconstitutional on the grounds

asserted by petitioners, the circuit court reached the
right result.

Affirmed.