MADEJSKI v KOTMAR LIMITED

Docket No. 220432. Submitted May 16, 2001, at Detroit. Decided June 15, 2001, at 9:15 A.M. Leave to appeal denied, 465 Mich 883.

Grace Madejski, for herself and as personal representative of the estate of her deceased daughter, brought an action in the Wayne Circuit Court against Kotmar Limited and others, alleging against Kotmar (hereafter defendant) claims of negligence, gross negligence, inherently dangerous work activity, breach of contract, and dramshop liability concerning the decedent's death. The nineteen-year-old decedent, who worked as an exotic dancer in the defendant's topless bar, was fatally injured after leaving work when she drove her automobile into a tree while intoxicated from alcoholic beverages that were obtained at the bar, when they were given to the decedent, by bar patrons. The court, Wendy M. Baxter, J., granted summary disposition for the defendant, ruling that the plaintiff failed to state a claim on which relief can be granted in light of subsection 22(11) of the dramshop act, MCL 436.22(11), which provides that the dramshop act "provides the exclusive remedy for money damages against a [liquor] licensee arising out of the selling, giving, or furnishing of alcoholic liquor." The court also denied the plaintiff's motion to file a second amended complaint. The plaintiff appealed.

The Court of Appeals *held*:

1. The trial court erred in granting summary disposition for the defendant on the basis of the exclusive remedy provision of the dramshop act. The dramshop act created a cause of action against a liquor licensee for damage or injury to innocent third parties proximately caused by the unlawful selling, giving, or furnishing of alcoholic liquor by the licensee to a minor or a visibly intoxicated person. The dramshop act does not abrogate or control actions against liquor licensees for breach of common-law duties. A claim is not precluded under the dramshop act merely because the claim involves the unlawful furnishing of alcohol. This matter must be remanded for consideration of the plaintiff's claims that the defendant breached duties under the common law.

2. The trial court, on remand, shall also consider whether the circumstances warrant the granting of the plaintiff's motion to amend her complaint.

Reversed and remanded.

1. Intoxicating Liquors — Dramshop Act — Exclusive Remedy — Common Law.

The dramshop act provides the exclusive remedy against a liquor licensee for damage or injury proximately caused by the unlawful selling, giving, or furnishing of alcoholic liquor by the licensee to a minor or a visibly intoxicated person, but does not abrogate or control a common-law action against the licensee, even where the common-law action involves the furnishing of alcohol (MCL 436.22[11]).

2. Pleadings — Amendment of Pleadings.

A motion to amend a complaint should ordinarily be denied only where there is undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposite party created by the allowance of the amendment, or futility of amendment.

*O'Bryan Baun Cohen* (by *Dennis M. O'Bryan*), for the plaintiff.

*Coticchio & Associates, P.C.* (by *Stephen A. Coticchio*), for the defendant.

Before: Neff, P.J., and Fitzgerald and Markey, JJ.

Neff, P.J. Plaintiff Grace Madejski, for herself and as personal representative of the estate of Anna Madejski, appeals as of right an amended order granting summary disposition for defendant Kotmar Limited (herein "defendant")[1] and an order denying plaintiff's motion for leave to file a second amended complaint in this wrongful death action. We reverse and remand.

---

[1] Codefendants, G.W. Talent International, Inc., and Rose Talent Agency, are not parties to this appeal.

I

This case arises from the death of plaintiff's nineteen-year-old daughter, Anna, who was an exotic dancer at defendant's topless bar. After leaving work at defendant's establishment, Anna was killed when the vehicle she was driving struck a tree. The autopsy indicated that Anna's blood alcohol level was 0.26, more than twice the legal limit. Plaintiff filed this wrongful death action alleging that Anna's intoxication and subsequent death resulted from defendant's practice of allowing customers to furnish underage dancers with alcoholic beverages to diminish the dancers' inhibitions.

Plaintiff's complaint set forth a number of claims, including negligence, gross negligence, inherently dangerous work activity, breach of contract, and, in the alternative, dramshop liability. Plaintiff contends that the trial court erred in concluding that her claims were barred by the exclusivity provision of the dramshop act, MCL 436.22(11),[2] and in granting summary disposition on that basis. We agree.

II

This Court reviews de novo a trial court's decision on a motion for summary disposition. *Spiek v Dep't of Transportation*, 456 Mich 331, 337; 572 NW2d 201 (1998). A motion for summary disposition pursuant to MCR 2.116(C)(8) (failure to state a claim upon which relief can be granted) tests the legal sufficiency of a

---

[2] MCL 436.22 was repealed and replaced by MCL 436.1801 effective April 14, 1998. Because this action occurred before the repeal, it is governed by MCL 436.22.

claim on the basis of the pleadings alone. *Simko v Blake*, 448 Mich 648, 654; 532 NW2d 842 (1995). All well-pleaded facts are accepted as true and are construed in the light most favorable to the nonmoving party. *Maiden v Rozwood*, 461 Mich 109, 119; 597 NW2d 817 (1999).

III

The dramshop act, MCL 436.22, created a cause of action where no cause of action existed at common law, to allow innocent third parties to recover for injuries resulting from the negligent furnishing of intoxicating liquor by liquor licensees. *Jackson v PKM Corp*, 430 Mich 262, 266-267; 422 NW2d 657 (1988); *Millross v Plum Hollow Golf Club*, 429 Mich 178, 183-184, 185, n 1; 413 NW2d 17 (1987); *Manuel v Weitzman*, 386 Mich 157, 163; 191 NW2d 474 (1971). The act permits recovery for injuries proximately caused by the selling, giving, or furnishing of alcoholic beverages to a minor or visibly intoxicated person. MCL 436.22(4);[3] *Millross, supra* at 184. However, an imbibing minor and the minor's estate have no cause of action under the dramshop act. MCL 436.22(10);[4]

---

[3] MCL 436.22(4) stated in pertinent part:

Except as otherwise provided in this section, an individual who suffers damage or is personally injured by a minor or visibly intoxicated person by reason of the unlawful selling, giving, or furnishing of alcoholic liquor to the minor or visibly intoxicated person, if the unlawful sale is proven to be a proximate cause of the damage, injury, or death, or the spouse, child, parent, or guardian of that individual, shall have a right of action in his or her name against the person who by selling, giving, or furnishing the alcoholic liquor has caused or contributed to the intoxication of the person or who has caused or contributed to the damage, injury, or death.

[4] MCL 436.22(10) provided:

*LaGuire v Kain*, 440 Mich 367, 377; 487 NW2d 389 (1992); *Jackson, supra* at 267-268.

A

With regard to claims premised on the wrongful furnishing of alcohol by licensees, the dramshop act "provides the exclusive remedy for money damages against a licensee arising out of the selling, giving, or furnishing of alcoholic liquor." MCL 436.22(11). Nonetheless, "Michigan courts have long recognized that liquor licensees remain liable for the breach of independent common-law duties." *Millross, supra* at 186. "[T]he dramshop act neither abrogates nor controls the common-law action." *Jackson, supra* at 276-277, quoting *Millross, supra* at 187 (citing *Manuel, supra*). In addressing these circumstances, our Courts have repeatedly stated that the exclusive remedy provision precludes any claim against a licensee that " 'arise[s] out of an unlawful sale, giving away, or furnishing of intoxicants,' " but a claim is not precluded if it " 'arises out of conduct other than selling, giving away, or furnishing of intoxicants,' " and " 'the common law recognize[s] a cause of action for the negligent conduct.' " *Jackson, supra* at 276-277, quoting *Millross, supra* at 187.

In deciding whether the exclusive remedy provision applies in a particular case, a court must "determine whether (1) the cause of action arises under the

The alleged visibly intoxicated person shall not have a cause of action pursuant to this section nor shall any person have a cause of action pursuant to this section for the loss of financial support, services, gifts, parental training, guidance, love, society, or companionship of the alleged visibly intoxicated person.

dramshop act, or (2) as the result of the breach of a common-law duty, or (3) presents a situation in which both causes of action arise out of the same incident." *Manuel, supra* at 165. The *Manuel* Court recognized that in the second and third situations, the dramshop act does not preempt common-law actions merely because they involve the unlawful furnishing of alcohol. *Id.* at 163-164. Thus, in *Manuel*, the plaintiff could maintain a premises liability claim against a tavern where the plaintiff bar patron suffered serious injury as a result of an attack by another bar patron who allegedly was served drinks after he was already intoxicated. *Id.* at 160, 164-165; see also *Jackson, supra* at 269.

Likewise, in *Millross*, the Court recognized that the defendant licensee could conceivably be liable on a theory of negligent supervision where its employee attended a dinner at the defendant golf club as part of his job, consumed alcohol, and on the way home struck plaintiff's husband's automobile, killing her husband. *Millross, supra* at 181-182, 196-197. The *Millross* Court expressed no opinion on the viability of the plaintiff's negligent supervision claim, finding that her claim failed because she had not "alleged that the defendant knew or should have known of the existence of any special circumstances regarding [the employee] that could establish a duty of care to third persons." *Id.* at 196-197.

These holdings leave no doubt that a claim is not precluded under the dramshop act merely because it *involves* the unlawful furnishing of alcohol. In determining whether a plaintiff has stated a valid independent cause of action under the common law, a court must examine "whether the situation is one in which

there is a recognized duty at common law, that is, 'whether the actor was under any obligation to exercise reasonable care under the circumstances . . . .' " *Id.* at 193, quoting *Lowe v Estate Motors*, 428 Mich 439, 463; 410 NW2d 706 (1987). The distinction is that the *duty* breached, but not necessarily the claim's factual basis, must arise from something other than the unlawful furnishing of alcohol. See *Millross, supra* at 190, 193-196 (applying this distinction).

B

"To determine whether a common-law claim has been validly pled, reference must be made to the common-law obligation which would expose the defendant to liability." *Id.* at 197. If plaintiff has set forth a proper claim based on a duty under the common law, e.g., premises liability, negligent supervision or entrustment, inherently dangerous work activity, retention of incompetent contractor, failure to provide a safe place to work, then summary disposition is improper even though the factual basis of the claim involves the unlawful furnishing of alcohol.

Our review of the record indicates that the trial court incorrectly applied the test for determining whether plaintiff had established a valid, independent cause of action under the common law and merely determined that because the situation involved the unlawful furnishing of alcohol, plaintiff's claims were precluded by the exclusive remedy provision of the dramshop act. Such a determination fails to recognize the full analysis set forth in *Manuel, supra* at 164-165, and our Courts' repeated recognition that the dramshop act does not abrogate actions arising out of other unlawful or negligent conduct of a tavern

owner under the common law. *Millross, supra* at 191-192, 197. The dramshop act did not confer on liquor retailers additional protections not accorded to others. *Id.* at 192.[5]

Thus, defendant is not absolved of its liability for breach of a separate common-law duty as an employer, as a retainer of an independent contractor, or as a premises owner. Because the trial court did not address the viability of each of plaintiff's separate common-law claims, we remand for consideration of these claims in view of the appropriate legal standards and the facts of the case.

IV

In light of our finding that the trial court erred in applying the exclusive remedy provision of the dramshop act, we do not address plaintiff's further contention that the trial court abused its discretion by refusing to grant plaintiff's motion for leave to file a second amended complaint. On remand, the trial court is directed to reconsider whether the circumstances warrant granting plaintiff's motion to amend her complaint in view of plaintiff's claims. Ordinarily, a trial court should grant leave to amend a complaint unless "there is undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure defi-

---

[5] Our decision does not implicate the holdings in cases that have rejected a plaintiff's negligence, gross negligence, or contract claims on the basis that they were premised solely on the unlawful furnishing of alcohol, i.e., they involved no breach of duty under the common law. See *Jackson, supra* (gross negligence); *Browder v Int'l Fidelity Ins Co*, 413 Mich 603; 321 NW2d 668 (1982) (breach of contract); *Rowan v Southland Corp*, 90 Mich App 61; 282 NW2d 243 (1979) (negligent supervision based on unlawful alcohol sale to a minor customer). Any such claims asserted by plaintiff similarly fail.

ciencies by amendment previously allowed, undue prejudice to the opposite party created by the allowance of the amendment, or futility of amendment." *Gardner v Stodgel*, 175 Mich App 241, 248; 437 NW2d 276 (1989).

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.