TAYLOR COMMONS v CITY OF TAYLOR

Docket No. 224686. Submitted November 5, 2001, at Detroit. Decided February 5, 2002, at 9:15 A.M. Leave to appeal sought.

Taylor Commons, a shopping center development, brought an action in the Wayne Circuit Court against the city of Taylor and Wayne County, challenging the constitutionality of subsection 2 of § 10 of 1991 PA 15, MCL 211.10(2), before the amendments of 1994 PA 415. The plaintiff completed construction of the shopping center in 1991. In 1992. the property tax assessment for Taylor Commons was substantially higher than in 1991, representing the value of the physical additions to the property resulting from the completion of the shopping center. The plaintiff appealed the 1992 assessment to the Michigan Tax Tribunal, challenging on the basis of the Uniform Taxation Clause, Const 1963, art 9, § 3, the constitutionality of subsection 10(2) of Act 15, which froze 1992 tax assessments at their 1991 levels but adjusted the 1991 assessments to reflect "additions and losses" to a property. The Tax Tribunal found that the property had been assessed properly in accordance with the provisions of Act 15 and declined to address the constitutional question on the basis that the tribunal lacked proper jurisdiction to consider that question. The Court of Appeals affirmed the Tax Tribunal's decision, but the Court then opined that if it were to address the question of the constitutionality of Act 15, it would conclude that the provisions of subsection 10(2) of Act 15 were constitutional. Unpublished opinion per curiam of the Court of Appeals, issued July 9, 1996 (Docket No. 182833). The plaintiff thereafter commenced its action in the circuit court. The circuit court, Michael F. Sapala, J., dismissed the plaintiff's constitutional claim on res judicata grounds, holding that the Court of Appeals had already addressed the constitutional question and had decided it adversely to the plaintiff's position. The plaintiff appealed, and the Court of Appeals reversed and remanded, holding that the statements concerning the constitutionality of Act 15 in the Court's opinion in the appeal of the Tax Tribunal decision were obiter dicta and had no res judicata effect. Unpublished opinion of the Court of Appeals, issued May 21, 1999 (Docket No. 206653). On remand, the circuit court granted summary disposition for the defendants, holding that constitutional challenges under the Uniform Taxation Clause are

subject to the same rational basis test as challenges under the Equal Protection Clause, that the provisions of Act 15 did not discriminate in the assessment of similarly situated properties, and that a rational basis existed for the assessment schemes for the differing classes of properties. The plaintiff appealed.

The Court of Appeals *held*:

1. The Court in *Ann Arbor v Nat'l Center for Mfg Sciences, Inc*, 204 Mich App 303 (1994), held that the purpose of the Uniform Taxation Clause was to ensure equal treatment of similarly situated taxpayers, that there was no discernible difference between the Equal Protection Clause and the Uniform Taxation Clause, and that, accordingly, the standard for determining the reasonableness of a taxation scheme for the purpose of the Uniform Taxation Clause was the same rational basis test used to determine whether there has been a violation of the Equal Protection Clause.

2. Applying the equal protection rational basis test to the provisions of subsection 10(2) of Act 15, it is clear that the plaintiff has failed to establish a constitutional defect with respect to those provisions. Those property owners within the particular classes created by the provisions of subsection 10(2)—that is, on the one hand, those with no additions or losses to their property in 1991, and, on the other hand, those with additions or losses to their property in 1991—are treated equally. There was clearly a rational basis for the Legislature's differing treatment of changes in valuations that resulted from inflation and changes in valuations that were the result of tangible additions or losses to the property. Accordingly, because there was a rational basis for the legislative scheme expressed in subsection 10(2) of Act 15, the provisions of that subsection do not violate the mandate of the Uniform Taxation Clause.

Affirmed.

WILDER, J., concurring, stated that the decision in *Ann Arbor v Nat'l Center for Mfg Sciences, Inc*, 204 Mich App 303 (1994), is binding and concurred in the result reached by the majority.

1. TAXATION — CONSTITUTIONAL LAW — UNIFORM TAXATION CLAUSE — RATIONAL BASIS TEST.

The purpose of the Uniform Taxation Clause of the Michigan Constitution is to ensure equal treatment of similarly situated taxpayers; there is no discernible difference between the Uniform Taxation Clause and the Equal Protection Clause; the standard for determining the reasonableness of a taxation scheme for the purpose of the Uniform Taxation Clause is the same rational basis test used to determine whether there has been a violation of the Equal Protection Clause (Const 1963, art 9, § 3).

2. TAXATION — PROPERTY TAX ASSESSMENTS — UNIFORM TAXATION CLAUSE —
   RATIONAL BASIS TEST.

The now-repealed provisions of the General Property Tax Act that froze 1992 assessments for real property at 1991 levels with respect to property for which there were no additions or losses that occurred during 1991, but which provided for adjustment of assessments to reflect any additions or losses during 1991, did not violate the provisions of the Uniform Taxation Clause of the Michigan Constitution, there being a rational basis for the differing treatment of the different classes of property (Const 1963, art 9, § 3; 1991 PA 15, subsection 10[2], MCL 211.10[2] before the amendments of 1994 PA 415).

*Honigman Miller Schwartz and Cohn* (by *Michael B. Shapiro* and *John S. Kane*), for the plaintiff.

*Steinhardt, Pesick & Cohen, P.C.* (by *Jerome P. Pesick*), and *Wayne County Corporation Counsel* (by *Richard G. Stanley*), for the defendants.

Before: NEFF, P.J., and WILDER and COOPER, JJ.

COOPER, J. Plaintiff appeals as of right from an opinion of the Wayne Circuit Court granting defendants' motion for summary disposition on the ground that plaintiff failed to rebut the strong presumption of constitutionality surrounding subsection 10(2) of 1991 PA 15 (hereinafter Act 15), which was codified as MCL 211.10(2).[1] On appeal, plaintiff challenges the constitutionality of Act 15, which froze 1992 property tax assessments at their 1991 levels while adjusting to reflect "additions and losses" to the property. Plaintiff argues that Act 15 violates the requirement of uniformity in the assessment of ad valorem property

[1] MCL 211.10 was amended by 1994 PA 415, which, among other things, deleted the existing subsection 2 and renumbered subsections 3 and 4 as subsections 2 and 3. All references to MCL 211.10(2) will refer to that subsection as it existed when it was added by 1991 PA 15 and before the amendments of 1994 PA 415.

taxes. Const 1963, art 9, § 3. We disagree and affirm the trial court's decision.

The facts of this case are undisputed. In 1991, plaintiff's partially improved property in Taylor, Michigan, was assessed at $491,420, which represented fifty percent of its true cash value on December 31, 1990. In 1991, plaintiff completed construction of a shopping center, known as Taylor Commons, on the property. The completion of this construction constituted an "addition" within the meaning of MCL 211.34d(1)(a). Thus, the property was assessed at $2,295,320 for the 1992 tax year, rather than remaining at its 1991 assessment level.

Plaintiff appealed the 1992 assessment and challenged the constitutionality of Act 15 before the Michigan Tax Tribunal. However, the tribunal declined to address the constitutional argument on the ground that it lacked proper jurisdiction. The tribunal further found that defendants properly assessed plaintiff's property according to Act 15. Plaintiff appealed the tribunal's decision to the Court of Appeals.

In *Taylor Commons v City of Taylor*, an unpublished opinion per curiam of the Court of Appeals, issued July 9, 1996 (Docket No. 182833) (*Taylor I*), the Court upheld the tribunal's decision. Because the tribunal could not declare Act 15 unconstitutional, the Court held that the tribunal properly applied the provisions of Act 15 to plaintiff's property. The *Taylor I* Court further stated that its decision precluded a need to address the issue of the constitutionality of Act 15. However, the Court noted that if it were to address the constitutionality of Act 15, it would have concluded that Act 15 comports with the requirements of equality.

Thereafter, plaintiff challenged the constitutionality of Act 15 before the trial court. The trial court held that because the Court of Appeals had already addressed the issue of the constitutionality of Act 15, plaintiff's claims should be dismissed on res judicata grounds. Plaintiff also appealed this decision. In *Taylor Commons v City of Taylor*, unpublished opinion per curiam of the Court of Appeals, issued May 21, 1999 (Docket No. 206653) (*Taylor II*), the Court reversed the trial court's ruling and held that any reference to the constitutionality of Act 15 in *Taylor I* was obiter dictum and had no res judicata effect. The case was then remanded to the trial court.

On remand, plaintiff moved for summary disposition, stating that Act 15 was unconstitutional as a matter of law. Plaintiff claimed that its 1991 assessment should have been utilized in 1992, regardless of any construction that occurred on the property. Plaintiff complained that by freezing most real estate assessments at the 1991 level, but singling out, for assessment raises, those properties whose values changed because of added construction, Act 15 offended the constitution's concept of uniform taxation of real property. Defendants filed a cross-motion for summary disposition.

The trial court issued an opinion and order granting defendants' motion for summary disposition and upholding the constitutionality of Act 15. The trial court found that plaintiff had two arguments for finding Act 15 unconstitutional: (1) it offended the portion of the constitution requiring appraisals to be determined on the basis of true cash value, or (2) the portion of Act 15 that exempted property improved during 1991 from the general freeze provisions of

Act 15 violated the constitution's Uniform Taxation Clause. The trial court ultimately declined to address the merits of plaintiff's "true cash value" challenge for reasons of jurisprudence. Specifically, the trial court declared that if Act 15 offended the true cash value requirement of Const 1963, art 9, § 3, plaintiff would be without a remedy because Act 15 would cease "to operate in such a way as to confer some benefit to plaintiff."

Following the standards for tax uniformity summarized in *Avis Rent-A-Car System, Inc v Romulus*, 65 Mich App 119, 128-129; 237 NW2d 209 (1975), the trial court held that plaintiff failed to support its claim that ad valorem property taxes were not subject to the rational basis analysis employed in equal protection cases. The trial court further stated that the provisions of Act 15 did not discriminate against the assessment of similarly situated properties but operated on different classes of property. The trial court also held that there was a rational basis behind the property distinctions, because the Legislature was concerned that the assessed property values had exceeded the rate of inflation. Moreover, the trial court found no indication that assessed property values, based on tangible changes in the property, had become problematic. Accordingly, the trial court was not persuaded that plaintiff had rebutted the strong presumption of the constitutionality of Act 15.

On appeal, plaintiff raises the same arguments that it made before the trial court. Essentially, plaintiff claims that the trial court erroneously held that ad valorem taxation could be based on uniformity within different classes as opposed to the constitutional

requirement of uniformity based on true case value. We disagree.

We review de novo a trial court's ruling on summary disposition. *Madejski v Kotmar Ltd*, 246 Mich App 441, 443; 633 NW2d 429 (2001). Similarly, the constitutionality of a statute is a question of law that this Court reviews de novo. *In re AH*, 245 Mich App 77, 79; 627 NW2d 33 (2001). Statutes are presumed to be constitutional, and this presumption is especially strong when tax legislation is at issue. *Caterpillar, Inc v Dep't of Treasury*, 440 Mich 400, 413; 488 NW2d 182 (1992).

MCL 211.10(2), before the amendment of 1994 PA 415, provided:

> In 1992, the assessment as equalized for the 1991 tax year shall be used on the assessment roll and shall be adjusted only to reflect additions and losses, as those terms are defined in section 34d, and splits and combinations that have occurred. Additions and losses and splits and combinations shall be valued at 1991 levels.

We find that plaintiff's argument would mandate an extremely narrow construction of Const 1963, art 9, § 3. Plaintiff suggests that the plain language of the constitutional provision distinguishes between ad valorem property taxes and all other taxes. In 1992 the constitution's Uniform Taxation Clause provided:

> *The legislature shall provide for the uniform general ad valorem taxation of real and tangible personal property not exempt by law.* The legislature shall provide for the determination of true cash value of such property; the proportion of true cash value at which such property shall be uniformly assessed, which shall not, after January 1, 1966, exceed 50 percent; and for a system of equalization of assessments. The legislature may provide for alternative

means of taxation of designated real and tangible personal property in lieu of general ad valorem taxation. *Every tax other than the general ad valorem property tax shall be uniform upon the class or classes on which it operates.* [Const 1963, art 9, § 3, before its amendment by Proposal A (emphasis added).[2]]

Essentially, plaintiff claims that the constitution provides for two different types of uniformity: (1) absolute uniformity, based on true cash values without regard to different classifications of property, in ad valorem taxation, and (2) class-based uniformity with regard to other forms of taxation. As such, plaintiff maintains that equal protection considerations do not apply in ad valorem property taxation. This Court finds such a tortured analysis of the Uniform Taxation Clause, Const 1963, art 9, § 3, unsupportable and unwarranted.

In *Ann Arbor v Nat'l Center for Mfg Sciences, Inc*, 204 Mich App 303; 514 NW2d 224 (1994), this Court upheld the constitutionality of a statute that granted exemptions from ad valorem property taxes to certain research facilities. The plaintiff in *Ann Arbor* claimed that a section of the Michigan Strategic Fund Act, MCL 125.2074(6), was unconstitutional because it violated the Uniform Taxation Clause, Const 1963, art 9, § 3. However, this Court stated that the purpose of the uniformity clause was to ensure "equal treatment to similarly situated taxpayers." *Ann Arbor, supra* at 305. The *Ann Arbor* Court further found "no discernible difference between the Equal Protection and Uni-

---

[2] Const 1963, art 9, § 3 was amended by the ratification of Proposal A in 1994. The amendment provides assessment caps and requires legislative approval for certain property taxes levied for school district operating purposes.

formity of Taxation Clauses." *Id.* at 306. The Court went on to state that the power to exempt entities from taxation necessarily implies the power of the Legislature to discriminate between entities according to a standard of reasonableness. *Id.* "The standard of reasonableness under the rational-basis test is whether any set of facts reasonably may be conceived to justify the discrimination." *Id.* It is clear to this Court that *Ann Arbor* applied equal protection considerations to determine whether a statute, which treated certain classes of real property differently for purposes of assessing ad valorem property taxes, violated the uniformity provision of Const 1963, art 9, § 3. Thus, in contrast to plaintiff's claims in the instant case, an equal protection analysis is appropriate to determine the uniformity of ad valorem property tax assessments.

This concept was recently reaffirmed in *Syntex Laboratories v Dep't of Treasury*, 233 Mich App 286; 590 NW2d 612 (1998). While not specifically concerned with ad valorem property taxes, the Court in *Syntex, supra* at 290, supported the conclusion that Const 1963, art 9, § 3 has only one standard to determine uniformity:

> As a practical matter, there is no discernible difference between the equal protection guarantee and the Uniform Taxation Clause, Const 1963, art 9, § 3, which requires uniformity in the general ad valorem taxation of real and personal property and requires all other taxes to be uniform upon the class or classes on which they operate. Both require that some rational basis for a disputed classification must be shown to exist. A rational basis shall be found to exist if any set of facts reasonably can be conceived to justify the alleged discrimination. [Citation omitted.]

The Court in *Syntex* also agreed that a rational basis must be shown for disputed classifications in the ad valorem taxation of property and in the assessment of all other taxes.

Because we find that an equal protection analysis is appropriate, we now examine the treatment under Act 15 of similarly situated property owners in this case. We note that plaintiff has conceded the constitutionality of Act 15 if an equal protection analysis is applicable. We further note that plaintiff has provided no proof that Act 15 treated similarly situated property owners disparately. We find that the exemption provision of Act 15 operates on different classes of property and does not provide unequal treatment for similarly situated property owners. Rather, the classifications provided in Act 15 are based on real differences, which reasonably suggest the necessity of different treatment. For example, Act 15 permitted properties with no new construction or "additions" to have their tax assessments determined by the property's 1991 assessed value. Distinguishable from that class of property is property where value is physically added and the new construction has not been previously taxed. Thus, Act 15 provided equal treatment and uniform taxation for similarly situated property owners.

We also find that there was a rational basis for distinguishing between property taxpayers who made no changes to their property and those whose property was affected by additions, losses, splits, and combinations. The purpose of Act 15 and its distinctions was accurately and thoroughly explained in the trial court's opinion:

The distinction is a rational one. As noted in the [Senate Fiscal Agency Analysis, SB 19, April 26, 1991, p 4], a major concern was that property assessed values had exceeded the rate of inflation. Conceivably, the Legislature could have been concerned that, left unchecked, this rapid rise in assessed value on property would negatively impact on the affordability of residential property. On the other hand, the foregoing rationale cannot be said to apply to an increase in value due to, for example, construction or similar activity that tangibly affected the property. Indeed, there is no indication that assessed value based on a tangible change in the property, such as what occurred with respect to plaintiff's property, had been problematic. Instead, the problem as the Legislature could have conceivably seen, addressed an upward spiral of assessments that could exceed the rate of inflation.

The Court, therefore, finds that the Legislature could have rationally distinguished granting tax relief for the 1992 tax assessment premised on the cause of a potential increase (or decrease) in value. The plaintiffs offer no explanation as to why the Legislature's judgment had no rational basis.

We agree with this analysis and find that the assessment scheme set out in Act 15 was rationally based to provide short-term solutions to stabilize property assessments. Consequently, we find that Act 15 did not offend the concept of uniformity set out in Const 1963, art 9, § 3.

Affirmed.

NEFF, P.J., concurred.

WILDER, J. (*concurring*). This Court concluded in *Ann Arbor v Nat'l Center for Mfg Sciences, Inc*, 204 Mich App 303, 305-306; 514 NW2d 224 (1994), that the constitutionality of a statute providing for ad valorem taxation must be evaluated under an equal protection analysis. The Supreme Court precedent relied on by

appellant does not directly address or refute this con-
clusion. Accordingly, the decision in *Ann Arbor* is
binding on this panel, and I concur in the result
reached by the majority.