KACHANOWSKI v. COHEN.

1. CONTRACTS—CONDITIONS PRECEDENT.
   One who executes a contract may protect himself from liability by a distinct agreement that it shall not become operative until there has been compliance with certain conditions thereof.

2. EXECUTORS AND ADMINISTRATORS—SETTLEMENT AGREEMENT—APPROVAL—EVIDENCE.
   Parol evidence of nonapproval by probate court of compromise agreement pertaining to estate being probated was admissible in suit to compel executor to make payment pursuant to stipulation reciting that agreement had been made with consent and knowledge of the probate court to show compliance

---

Condition precedent to contract liability, see 1 Restatement, Contracts, § 250.

or noncompliance with conditions precedent before agreement became effective.

3. ESTATES OF DECEDENTS—SETTLEMENT AGREEMENTS—APPROVAL—STATUTES.

Parties involved in estate being probated may not by agreement contravene statute making judicial approval a condition precedent in all settlement agreements (Act No. 288, chap. 2, § 46, Pub. Acts 1939).

4. APPEAL AND ERROR—QUESTIONS NOT PRESENTED TO TRIAL COURT.

Contention that circuit judge's denial of motion to dismiss bill was *res judicata* of matters presented at hearing after answer filed, not having been made before or decided by circuit judge, will not be considered by Supreme Court.

5. SAME—DISMISSAL OF BILL WITHOUT PREJUDICE—PROBATE COURT.

Dismissal of bill to enforce an unapproved settlement agreement is ordered without prejudice to appellant's rights, if any, in probate court.

Appeal from Wayne; Marschner (Adolph F.), J. Submitted April 9, 1943. (Docket No. 37, Calendar No. 42,259.) Decided May 18, 1943.

Bill by Constantine Kachanowski against estate of Anton Kovalsky, deceased, and I. Goodman Cohen, executor, for an order directing payment of claim, or, in the alternative, to compel reopening of estate for purpose of filing claim, and for other relief. Bill dismissed. Plaintiff appeals. Affirmed.

*Isaac M. Smullin,* for plaintiff.

*Freud, Markus, Gilbert & Stutz* (*Wallace Visscher,* of counsel), for defendants.

BUSHNELL, J. Appellant Constantine Kachanowski, claiming to be an heir and creditor of Anton Kovalsky, deceased, questioned the validity of Kovalsky's will and his capacity to execute the same. After Kachanowski had made two trips from Chi-

cago to Detroit in order to object to the probate of the will, his attorney and the attorney for the devisees, legatees and executors entered into a written stipulation whereby appellant recognized the validity of the will and relinquished "any and all claims against the deceased, whether as an heir or as a creditor of the said deceased, except as to the amount of $812" to be paid him after the will was "probated and the estate ordered distributed." This stipulation was subject to the following provision:

"It is expressly understood between the parties that the compromise entered herein is made for the sole purpose of saving the estate from being dissipated by long litigations, and the payment of the said $812 is made specifically contingent upon that no claims of heirship or inheritance filed and prosecuted by any other person or persons against this estate during the statutory periods for appeals and rehearings. This agreement is made in good faith, and with the consent and knowledge of the probate court."

After the will was probated the executor declined to pay the sum of $812 to appellant until and unless the probate court approved the stipulation. Appellant then filed a bill of complaint in the circuit court in which he sought an order directing the executor to pay said sum, or, in the alternative, to decree the reopening of the estate in order that he might file and prove his claim. The executor's motion to dismiss the bill of complaint was denied by Hon. James E. Chenot, circuit judge, on May 6, 1942, and the executor was granted 15 days in which to file his answer. In this answer the executor denied the allegations of appellant, asserted some affirmative defenses, and again sought dismissal of the bill. After the taking of testimony, Hon. Adolph F. Marschner, circuit judge, held that the stipula-

tion contemplated the approval of the probate court, and that since the probate judge declined to approve without taking proofs, and such proofs were not presented, plaintiff's bill of complaint should be dismissed.

The probate code, being Act No. 288, Pub. Acts 1939, provides in chapter 2, § 45 *et seq.* (Comp. Laws Supp. 1940, § 16289–2 [45], Stat. Ann. 1942 Cum. Supp. § 27.3178 [115] *et seq.*), for the settlement of contests concerning wills and rights thereunder. Section 46 (Comp. Laws Supp. 1940, § 16289–2 [46], Stat. Ann. 1942 Cum. Supp. § 27.3178 [116]) reads:

"The terms and conditions of such compromise, settlement or adjustment shall be set forth in an agreement in writing which shall be executed by all competent persons.   *   *   *   Such agreement shall be submitted to the probate court having jurisdiction of the probate of such will and the administration of such estate or trust, or to the circuit court in chancery of the proper county, for the approval thereof and the authorizing of the entering into an execution thereof by the executor or executors named in such will."

The written agreement upon which appellant relies has never been approved by the probate court, nor did he seek its approval by the circuit court. Instead, he took the position in the circuit court that the agreement was enforceable in equity, regardless of any approval. He now contends, for the first time, that the circuit court should have approved the settlement, and he also argues that parol testimony should not have been admitted by the circuit judge to show that the agreement was not approved by the probate court.

The law is well settled that one who executes a contract may protect himself from liability by a distinct agreement that it shall not become operative

until there has been compliance with certain conditions thereof. Notwithstanding the language of the stipulation, the testimony is clear that the settlement was not binding upon the parties until it was approved by the probate court. Parol evidence of nonapproval was admissible. *White Showers, Inc.,* v. *Fischer,* 278 Mich. 32, and authorities therein cited. Furthermore, the parties could not, by their agreement, contravene the statute, *supra,* which makes judicial approval a condition precedent in all such settlements.

Appellant's contention that the refusal of Judge Chenot to dismiss his bill of complaint constitutes *res judicata* was not made before or decided by Judge Marschner, the trial judge, and will not be passed upon here.

The administration of the estate is still in the hands of the probate court, and the executor offered upon the record to approve any petition that appellant wishes to file for the purpose of presenting his claim.

The decree of the circuit court dismissing appellant's bill of complaint is affirmed but without prejudice to appellant's rights, if any, in the probate court. Costs to appellees.

BOYLES, C. J., and CHANDLER, NORTH, STARR, WIEST, BUTZEL, and SHARPE, JJ., concurred.